UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Todd Friedman | | Brandon Boulware |
| | | Stephen Watkins |

**Proceedings:** DEFENDANT'S MOTION TO COMPEL ARBITRATION (Dkt. 11, filed November 18, 2013)

## I. INTRODUCTION

On September 9, 2013, plaintiff Miguel Mendoza filed this putative class action against defendant Ad Astra Recovery Services, Inc. ("Ad Astra") on behalf of himself and all others similarly situated. Plaintiff asserts claims for (1) negligent violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and (2) knowing violation of the TCPA. Plaintiff defines the proposed class as:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or an artificial or pre-recorded voice and such person has not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

Compl. ¶ 24.

On November 18, 2013, Ad Astra moved to compel arbitration and to dismiss or stay this case. On December 16, 2013, plaintiff filed his opposition, and on December 23, 2013, Ad Astra replied. On January 6, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

## II. BACKGROUND

On May 21, 2012, plaintiff Miguel Mendoza entered into an agreement with non-party Speedy Cash for a short term payday loan in the amount of $255.00. Henits Decl. Ex A, at 1. As a condition of receiving this loan, plaintiff agreed to pay back the $255.00, plus an additional $45.00 in interest by June 2, 2012. Id. Additionally, the contract between plaintiff and Speedy Cash contained an arbitration provision, in which plaintiff agreed to arbitrate "any claim, dispute or controversy between you and us (or related parties) that arises from or relates in any way to this Agreement . . . ; any of our marketing, advertising, solicitations and conduct relating to your request for Services; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you." Id. at 3. This arbitration agreement included a class-action waiver provision. Id. at 4-5.

Although it is unclear from the complaint, it appears that plaintiff did not repay the loan on or before June 2, 2012. Plaintiff alleges that he subsequently began receiving calls on his cell phone from defendant Ad Astra. These calls attempted to collect on the unpaid debt. Compl. ¶ 13. Plaintiff's complaint further alleges that, when he did not answer these calls, Ad Astra would leave voicemail messages using a pre-recorded or artificial voice. Id. ¶¶ 14-15. Despite plaintiff's instructions that Ad Astra stop calling him, plaintiff alleges that the calls continued. Id. ¶ 16. Plaintiff contends that these calls violate the TCPA, which prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C § 227(b)(1)(A)

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ----, 131 S. Ct. 1740, 1746 (2011).

## IV.   DISCUSSION

Plaintiff does not dispute that he signed a contract with Speedy Cash containing an agreement to arbitrate disputes. Instead, plaintiff makes three separate arguments for why Ad Astra cannot compel arbitration in this case: (1) Ad Astra lacks standing to enforce the arbitration agreement, (2) his claims fall outside the scope of the arbitration agreement, and (3) the arbitration agreement is unconscionable and thus invalid. The Court consider each of these arguments in turn.

First, plaintiff argues that defendant Ad Astra lacks standing to enforce the arbitration agreement. Plaintiff contends that, because Ad Astra was not a party to the original agreement between him and Speedy Cash, and because there was no separate agreement to arbitrate between plaintiff and Ad Astra, Ad Astra cannot compel arbitration. Ad Astra responds that it is entitled compel arbitration because (1) it is an agent of Speedy Cash and (2) it is a third-party beneficiary of the contract between plaintiff and Speedy Cash.

The Court finds that Ad Astra has standing to enforce the arbitration provision. Under Ninth Circuit law, an agreement to arbitrate may "bind non-parties such as an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

intended third party beneficiary, an agent, or an assignee." Comedy Club, Inc. v. Improv W. Associates, 553 F.3d 1277, 1287 (9th Cir. 2009); cf. NORCAL Mut. Ins. Co. v. Newton, 84 Cal. App. 4th 64, 76 (2000) ("The common thread [in cases permitting a nonsignatory to compel arbitration] is the existence of an agency or similar relationship between the nonsignatory and one of the parties to the arbitration agreement. In the absence of such a relationship, courts have refused to hold nonsignatories to arbitration agreements."). Here, plaintiff's claims arise out of Ad Astra's attempts to collect debts owed to Speedy Cash, and thus involve Ad Astra's conduct as an agent of Speedy Cash. As an agent, Ad Astra thus has standing to enforce the arbitration provision in the contract between its principal Speedy Cash and plaintiff. See Naria v. Trover Solutions, Inc., 2013 WL 4516483 (N.D. Cal. Aug. 23, 2013) (permitting collection agency to compel arbitration based on contract between lender and borrower).

Moreover, Ad Astra's status as an agent of Speedy Cash was expressly contemplated by the contract between Speedy Cash and plaintiff. As discussed above, the contract defined "claim" to include any "claim, dispute or controversy between you and us (or related parties) that arises from or relates in any way to this Agreement." Henits Decl. Ex A, at 3. The contract further defined "related parties" to include "all parent companies, subsidiaries and affiliates of ours (including Ad Astra Recovery Services, Inc.)." Although plaintiff contends that the contract did not expressly use the word "agent" when referring to Ad Astra, these definitions placed plaintiff on notice that he may be required to arbitrate claims against parties other than just Speedy Cash, including claims against Ad Astra. As such, the Court concludes that Ad Astra is entitled to enforce the agreement to arbitrate.

Second, plaintiff argues in the alternative that, even if Ad Astra may enforce the agreement to arbitrate, the claims at issue here fall outside the scope of the arbitration provision. Specifically, plaintiff argues that his claims that Ad Astra violated the TCPA do not "involve questions of Plaintiff and Defendant's rights and obligations" under the contract. Opp. at 18. Accordingly, plaintiff reasons, his claims are "clearly collateral to the contract," and thus "beyond the scope of the arbitration agreement." Opp. at 18 (quoting Collins & Aikman Products Co. v. Bldg. Sys., Inc., 58 F.3d 16, 23 (2d Cir. 1995)).

The Court finds this argument unpersuasive. Again, the contract between plaintiff and Speedy Cash defined the claims to be arbitrated to expressly include any "claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

dispute or controversy between you and us (or related parties) that arises from or relates in any way to this Agreement . . . ; any of our marketing, advertising, solicitations and conduct relating to your request for Services; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you. 'Claim' is to be given the broadest possible meaning and includes . . . claims based on any . . . statute . . . ." Henits Decl. Ex A, at 3. This definition of arbitrable claims is broader than the arbitration provision in Collins & Aikman, where the contract limited arbitrable claims to "[a]ny claim or controversy arising out of or relating to" the contract. Collins & Aikman, 58 F.3d at 18. In particular, the contract here expressly defines arbitrable claims to include not only claims arising out of the contract, but also all claims arising out of "collection of any amounts [plaintiff] owe[s]."

  Accordingly, even if plaintiff's claims under TCPA do not "involve questions of Plaintiff and Defendant's rights and obligations" under the contract, plaintiff nonetheless expressly agreed to arbitrate claims arising out of debt-collection activities. Here, plaintiff's claim that Ad Astra violated the TCPA when attempting to collect the debt owed to Speedy Cash expressly fall within the ambit of the agreement. See, e.g., McNamara v. Royal Bank of Scotland Grp., PLC, 2012 WL 5392181 (S.D. Cal. Nov. 5, 2012) ("Without a doubt, the phone calls to Plaintiff were related to 'collection activity,' an issue explicitly contemplated by the Agreement. Therefore, Plaintiff's TCPA claims relate to his Agreement with Defendants, and are consequently subject to arbitration."). Especially in light of the "liberal federal policy favoring arbitration agreements," Gilmer, 500 U.S. at 25, the Court thus concludes that plaintiff's claims under the TCPA fall within the scope of the agreement to arbitrate. See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25 (explaining that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

  Lastly, plaintiff argues that the agreement to arbitrate is unconscionable. At the outset, the parties dispute which state's law of unconscionability should govern. Defendant contends that, because the contract contains a choice-of-law provision requiring the application of Kansas law when determining the enforceability of the arbitration provision, the contract should be evaluated using Kansas law of unconscionability. Under Kansas law, "the doctrine of unconscionability is used by the courts to police the excesses of certain parties who abuse their right to contract freely. It is directed against one-sided, oppressive and unfairly surprising contracts, and not against the consequences per se of uneven bargaining power or even a simple old-fashioned bad

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
|---|---|---|---|
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

bargain." Wille v. Sw. Bell Tel. Co., 219 Kan. 755, 759-60 (1976). By contrast, California law sets forth a broader view of unconscionability, which contemplates the invalidation of contracts due to uneven bargaining power and substantive unfairness. Under California law, a contract is invalid if it is both procedurally and substantively unconscionable. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Id.

Here, the Court need not decide the choice-of-law question because the Court determines that, even under the more expansive California law of unconscionability, the arbitration agreement is not unconscionable. First, the agreement is not procedurally unconscionable. Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir.2002); A & M Produce Co. v. FMC Corp., 135 Cal. App.3d 473 (1982). Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation." A & M Produce, 135 Cal. App. 3d at 436. Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v. Super. Ct., 176 Cal. App. 4th 1554, 1568 (2009).

Plaintiff argues that the arbitration provision is procedurally unconscionable because the arbitration agreement is set forth in standard form contracts prepared by Speedy Cash. As such, plaintiff contends, he had "no right or opportunity to negotiate whether or not arbitration provisions will exist in his Agreements with defendant, as the [Arbitration] Clauses at issue are included in every [contract] between Speed Cash and other consumers." Opp. at 21. This argument, however, is squarely contradicted by the terms of the arbitration agreement, which gave plaintiff the unilateral right to reject arbitration at any time within 30 days of signing the contract:

> 1. RIGHT TO REJECT ARBITRATION. If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delievering to us . . . a written rejection notice. . . . Your rejection of arbitration will not affect your right to Services or the terms of this Agreement (other than this Arbitration provision).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

Henits Decl. Ex A, at 4. Plaintiff did not exercise this right to reject arbitration. Id. ¶ 12. Because plaintiff had the option to reject arbitration—and exercising this right would not affect his other rights under the contract—the Court concludes that the negotiation of the arbitration provision was not oppressive under California law of unconscionability. See Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198, 1199 (9th Cir. 2002) ("This case lacks the necessary element of procedural unconscionability. Ahmed was not presented with a contract of adhesion because he was given the opportunity to opt-out of the Circuit City arbitration program by mailing in a simple one-page form.").

Similarly, the Court concludes that the inclusion of the arbitration provision in the contract was not the result of unfair surprise. The arbitration provision is set forth in a separate section entitled "agreements for resolving disputes," which begins with the following boldfaced warning:

> VERY IMPORTANT. READ THIS ARBITRATION PROVISION CAREFULLY. IT SETS FORTH WHEN AND HOW CLAIMS . . . WILL BE ARBITRATED INSTEAD OF LITIGATED IN COURT. IF YOU DON'T REJECT THIS ARBITRATION PROVISION IN ACCORDANCE WITH SECTION 1 BELOW, UNLESS PROHIBITED BY APPLICABLE LAW, IT WILL HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM.

Henits Decl. Ex A, at 4. Given this warning, as well as the fact that the arbitration provision is set out conspicuously on a separate page of the contract, the Court concludes that there was not an unconscionable level of surprise involved in the arbitration agreement. See Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding that an arbitration provision was not procedurally unconscionable under California law when the provision was not "buried in fine print in the [contract], but was instead in its own section, clearly labeled, in boldface"); cf. A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d at 490 (1982) (finding procedural unconscionability of consequential damage provision contained in middle of last page of an agreement in inconspicuous font).

Second, the agreement is not substantively unconscionable. A contract is substantively unconscionable when it is unjustifiably one-sided to such an extent that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06922-CAS(JCGx) | Date | January 6, 2014 |
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | |

"shocks the conscience." Parada v. Super. Ct., 176 Cal. App. 4th 1554, 1573 (2009) (quoting Morris v. Redwood Empire Bancorp, 128 Cal. App.4th 1305, 1322 (2005)). Here, plaintiff claims that the arbitration agreement is substantively unconscionable because it limits appeals to cases in which the claim is for more than $50,000. Plaintiff cites Natalini v. Imp. Motors, Inc., 153 Cal. Rptr. 3d 224, 231 (Ct. App. 2013), which reasoned that an arbitration provision that permitted appeals of awards greater than $100,000 was substantively unconscionable because "the buyer will rarely benefit from the clause permitting an appeal of an award exceeding $100,000 because the buyer, not the dealer, is more likely to recover an award of that size." The Natalini court observed that this asymmetry effectively deprived the plaintiff of the benefit of the arbitration agreement:

> [W]hen it serves the car dealer's interests the buyer's right to appeal is greatly constrained, and the car dealer touts the benefits of mandatory arbitration: "efficient, streamlined procedures," and "the informality of arbitral proceedings . . . , reducing the cost and increasing the speed of dispute resolution." But when those factors do not benefit the car dealer—if there is a large award . . . against it—then delay, complexity, and higher costs take precedence, and the buyer is subjected to an appeal and new arbitration.

Id. (citations omitted).

As an initial matter, Natalini was expressly superseded by the California Supreme Court pending review of a related issue in a different case. See Natalini v. Imp. Motors, 299 P.3d 700 (Cal. 2013); People v. Kennedy, 209 Cal. App. 4th 385, 400 (2012) ("An opinion is no longer considered published if the [California] Supreme Court grants review and may not be relied on or cited." (citing Cal. Rules of Court, 8.1105(e)(1), 8.1115(a)). Putting this to one side, however, the reasoning of Natalini does not apply to the contract here, which limits appeals to cases where the claim—rather than the award—exceeds $50,000. Unlike Natalini, then, the right to appeal does not implicitly turn on whether plaintiff prevailed in the arbitration, and thus does not asymmetrically favor one party over the other. As such, the Court concludes that the arbitration contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | **JS-6** |
| Case No. | 2:13-cv-06922-CAS(JCGx) | | Date | January 6, 2014 |
| Title | MIGUEL MENDOZA V. AD ASTRA RECOVERY SERVICES INC. | | | |

here is not substantively unconscionable.[1] Because the contract is neither substantively nor procedurally unconscionable, the Court finds that the arbitration provision is enforceable under California law of unconscionability.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to compel arbitration. This case is hereby stayed pending arbitration. See 9 U.S.C. § 3.

IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[1] Nor does the arbitration provision's class action waiver render the contract substantively unconscionable. See Concepcion, 131 S. Ct. at 1753.